IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

WILLIAM ROGERS, JR.,            )
                                )
                Plaintiff,      )          8:15CV272
                                )
        v.                      )
                                )
WALMART HOME OFFICE and         )      MEMORANDUM AND ORDER
AMANDA, Claim Manager,          )
                                )
                Defendants.     )
_____ )


        Plaintiff William Rogers ("plaintiff") filed his
complaint (Filing No. 1) on July 22, 2015, and has requested
leave to proceed in forma pauperis.  The Court now conducts an
initial review of plaintiff's complaint to determine whether
summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.  SUMMARY OF COMPLAINT

        Plaintiff, a resident of Nebraska, sues the "Walmart
Home Office" and also a claim manager named Amanda.  He alleges
that on June 6, 2012, he fell in a Walmart in Oxnard, California.
Since his fall, he has suffered from back pain and "uncontrolable
[sic] urinating."  (Filing No. 1 at CM/ECF p. 3.)  Plaintiff
claims Walmart settled the case and someone named Nancy L. cashed
the check.  (Filing No. 1 at CM/ECF pp. 2, 5.)  Plaintiff alleges
he never received a check from Walmart, and he "never had a

chance to settle any amount with [] Amanda."  (Filing No. 1 at CM/ECF pp. 1-2.)

For relief, he asks that Walmart be required to reopen "[his] case" and give him a settlement.  In addition, he asks that criminal charges be filed against Nancy L.  (Filing No. 1 at CM/ECF p. 5.)

## II.  STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court notes as an initial matter that there may be issues with respect to plaintiff's choice of venue in this matter. In addition, it does not appear that plaintiff states a viable claim for relief under any federal or state law. However, at this time, the Court will focus its analysis on the question of subject-matter jurisdiction because, in evaluating plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Plaintiff set forth in his complaint that jurisdiction is proper in this court on the basis of "Diversity of

Citizenship." (Filing No. 1 at CM/ECF p. 4.) Plaintiff is correct that federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). But, plaintiff did not allege an amount in controversy exceeding $75,000 and, even if he had, the Court would question whether such an amount is legitimate.

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. V. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (quotation omitted).

Plaintiff fails to state any facts or legal theories alleging why defendants should be liable to him for an amount exceeding $75,000. Therefore, the Court will give him 30 days in

which to file sufficient evidence showing that the amount in controversy is greater than $75,000.

IT IS ORDERED:

1.   Plaintiff has 30 days in which to file sufficient evidence with the Court showing that the amount in controversy is greater than $75,000.00, the jurisdictional limit.

2.   The Court reserves the right to conduct further review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after plaintiff addresses the matters set forth in this order.

3.   The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 1, 2015.

4.   To avoid confusion, any document plaintiff submits to the clerk of the court for filing in this case must clearly display the case number.

DATED this 3rd day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

<hr/>

*  This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.