IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM ROGERS JR., | ) | 8:15CV272 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| WALMART HOME OFFICE, and | ) | **AND ORDER** |
| AMANDA, claim manager, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff William Rogers, Jr.'s Motion to Reconsider. (Filing No. 17.) For the reasons explained below, Plaintiff's motion will be denied.

## I. BACKGROUND

Plaintiff, a resident of Nebraska, sued the "Walmart Home Office" and also a claim manager named Amanda. He alleged that on June 1, 2012, he fell in a Walmart in Oxnard, California and, as a result, he now suffers from back pain and "uncontrolable [sic] urinating." (Filing No. 1 at CM/ECF p. 3.) Plaintiff claimed Walmart settled the case and someone named Nancy L. cashed the check. (Filing No. 1 at CM/ECF pp. 2, 5.) Plaintiff alleged he never received a check from Walmart, and he "never had a chance to settle any amount with [] Amanda." (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleged that jurisdiction was proper in this court on the basis of "Diversity of Citizenship."

On November 3, 2015, the court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Filing No. 14.) On initial review, the court found that Plaintiff had not alleged an amount in controversy exceeding $75,000.00, as is required for federal diversity jurisdiction under 28 U.S.C. § 1332(a).

The court determined that even if Plaintiff had made such allegations, it would question whether such an amount was legitimate. Giving Plaintiff the benefit of the doubt, the court gave Plaintiff 30 days to file sufficient evidence showing that the amount in controversy was greater than $75,000.00. Plaintiff did not respond to the court's November 3, 2015 order. Consequently, the court dismissed Plaintiff's Complaint without prejudice on January 4, 2016. (Filing No. 16.)

## II. DISCUSSION

On January 6, 2016, Plaintiff filed his Motion to Reconsider, stating that he did not receive the court's November 3, 2015 order because he was unable to retrieve his mail. Plaintiff's motion also attempts to make a showing that his claim meets the jurisdictional minimum. Plaintiff asserts that he still has medical problems and is not able to pay his medical bills. He "thinks" that $75,000.00 "will be just half of [his] medical bill[s]." (Filing No. 17 at CM/ECF p. 2.) He further asserts that as a result of his condition, he is unable to obtain employment and is losing his family.

Setting aside the fact that Plaintiff's submission is untimely, Plaintiff's attempt to show that his claim meets the jurisdictional threshold falls short. Other than unsubstantiated statements, Plaintiff has offered no evidence suggesting that his medical bills exceed $75,000.00, or that he has suffered other losses which surpass the jurisdictional minimum. Because Plaintiff has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, his Motion to Reconsider will be denied. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

IT IS THEREFORE ORDERED that

1. Plaintiff's Motion to Reconsider (Filing No. 17) is denied.

2. Plaintiff's Motion for Copies (Filing No. 19) is denied as moot.

3. Plaintiff's "Motion to Show All Documents Authorizing Payment" (Filing No. 20) is denied as moot.

DATED this 16th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Supervising Pro Se Judge